Territorial Law Libary

## IN THE SUPERIOR COURT OF GUAM

JOE and MELODIA PUGH,

      Plaintiffs,

  vs.

UNIVERSITY GARDENS CONDOMINIUM HOMEOWNERS ASSOCIATION,

      Defendant.

      ) SMALL CLAIMS CASE NOS. SD0705-03, and SD0835-03,

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 7th day of August, 2003, for hearing on the merits of Plaintiffs' claims in cases SD705-03 and SD835-03 that they were improperly cited, fined, and barred from using common area facilities at the University Gardens Condominiums in violation of the University Gardens House Rules (hereinafter House Rules) adopted by the Defendant under the Horizontal Property Regime (hereinafter HPR), and that the Defendant University Gardens Condominium Homeowners Association (hereinafter UGCHA) improperly disconnected and removed an air conditioning unit from the Plaintiffs' condominium roof pursuant to the House Rules adopted under the HPR. The Plaintiffs' claims of improper termination of employment in SD2647-02 and SD922-03 were previously dismissed by the Court. In the remaining two cases, the Plaintiffs appeared *pro se*, and Attorney James M. Maher represented the Defendant. The Court now issues the following Findings of Fact and Conclusions of Law on the matters.

## FINDINGS OF FACT

After hearing all the evidence and testimony presented in this case, this Court finds by a preponderance of the evidence, that:

1. The Plaintiffs, Joe and Melodia Pugh, purchased a condominium unit, Unit #B210 in the University Gardens Condominiums in 1996.

2. The Plaintiffs appeared in SD0705-03 by filing a small claims complaint form on April 15, 2003. The Defendants appeared through their attorney in court on August 7, 2003, where they denied the claims set forth in SD0705-03, and subsequently submitted a Later, the Plaintiffs appeared in SD0835-03 by filing a small claims complaint form on April 28, 2003. The Defendants also appeared in this case through their attorney on August 7, 2003, and again denied the claims set forth.

3. Rule 8(f) of the Guam Rules of Civil Procedure requires that "all pleadings shall be so construed as to do substantial justice." Therefore, from a plain reading of the statements attached to the small claims complaint forms in SD0705-03 and SD0835-03, there appear to be requests for relief, including:

    A)     that the Plaintiffs be awarded ten thousand dollars ($10,000.00) for the UGCHA's breach of the HPR by fining them and revoking their parking privileges in SD0705-03; and

    B)     that the Plaintiffs be awarded two thousand dollars ($2,000.00) for the UGCHA's removal and disconnection of an air conditioning unit in SD0835-03.

4. The Defendant, UGCHA does not appear to have set forth any counterclaims or requests for relief.

5. In July 2002, typhoon Chata'an irreparably damaged an air conditioner unit which was located on the roof of Unit B210, and the Plaintiffs subsequently purchased and installed a new air conditioning unit in the same location as the former air conditioner unit had occupied.

6. In October and November of 2002, the UGCHA began sending notices to the Plaintiffs to remove the newly installed air conditioning unit.

7. The Plaintiffs did not remove the air conditioning unit.

8. In November and December of 2002, the UGCHA began assessing fines against the Plaintiffs for their failure to remove the air conditioning unit from the roof of Unit B210, and subsequently disallowed the Plaintiffs from using common area facilities, most notably, the parking stall assigned to the Plaintiffs.

9. Specifically, the UGCHA assessed fines against the Plaintiffs and revoked their common area privileges pursuant to House Rule #17. The UGCHA only assessed these punitive measures under House Rule #17, and did not cite violations of any other House Rule in assessing these penalties against the Plaintiffs.

10. The Plaintiffs presented no evidence that they ever paid any of the fines assessed against them by the UGCHA.

11. In February of 2003, the UGCHA removed the air conditioning unit from the roof of the Plaintiffs' condominium unit.

## CONCLUSIONS OF LAW

A. Breaches of the HPR and House Rules

The Plaintiffs have instituted a cause of action in SD0835-03 because they claim that the UGCHA improperly removed an air conditioning unit from the roof of their condominium. House Rule #54 of the applicable House Rules states:

All of the condominium's common and limited common elements (including but not limited to the exterior surfaces of the buildings, doors, passageways, and grounds) shall be used and decorated only as permitted by the Board. *No alterations, installations, repairs or changes of any nature shall be effected to the exterior surfaces of the complex without prior written approval of the Board.*

Amended University Gardens House Rules, February 1994, #54 (emphasis added).

The Plaintiffs admit that they installed a new air conditioning unit on the roof of their unit in 2002, without prior written approval of the Board. The Court finds that under the provisions of the House Rules, specifically, #54, the Board acted within the power granted to it by the HPR and the House Rules by removing the air conditioning unit.

The Plaintiffs have argued that the air conditioning unit they installed on the roof of their condominium unit in 2002 should have been permissible under the "Grandfather Clause Law." A "grandfather clause" is a "[p]rovision in a new law or regulation . . . allow[ing] all those already doing something to continue doing it even if they would be stopped by the new restriction." BLACK'S LAW DICTIONARY, 699 (6th ed. 1991). There is no applicable "grandfather clause" in this case. Neither the HPR nor the House Rules provide a grandfather clause provision for previous non-conforming uses. In fact, the House Rules contain an "anti-grandfather clause," which specifically disallows any previous non-conforming fixtures or uses which pre-dated the House Rules. Specifically, the House Rules state: "any deviations previously tolerated or dispensations allowed by past Boards must be corrected within a reasonable amount of time." House Rules, p.1, ¶6. Even if a grandfather clause provision had been adopted, the Court finds that application of a grandfather clause would not have allowed the Plaintiffs to install a new air conditioning unit on the roof of their condominium after the old one was damaged beyond repair, because "grandfather clauses" generally do not allow 100% replacement of non-conforming fixtures. City of Foley v. McLeod, 709 So.2d 471, 437–4 (Sup. Ct. Ala. 1998)(to allow full replacement of a non-conforming fixture would defeat the purpose of regulations designed to eliminate non-conforming uses and achieve uniformity); *see also* Clear Channel Outdoor v. City

of Myrtle Beach, 642 S.E.2d 545, 568 (Sup. Ct. S.C. 2007); and Marris v. City of Cedarburg, 498 N.W.2d 842, 850 (Sup. Ct. Wis. 1993).

The Court finds that the UGCHA possessed the inherent authority to remove the air conditioning unit which was installed without Board approval under House Rule #55, and also has the general authority to fine and penalize the Plaintiffs for infractions of the House Rules under the preliminary statement contained in the House Rules. House Rules, p.1, ¶¶3–5. However, in SD0705-03, the Court finds that the UGCHA incorrectly used this power when it repeatedly fined and penalized the Plaintiffs for having an air conditioning unit on the roof of their condominium in violation of House Rule #17. House Rule #17 states: "[n]o radio aerial or connection shall be installed outside any unit or on the roof. Twenty-four hours after the first warning the aerial will be removed at charge to the owner."

The Court finds that the Plaintiffs did not install a radio aerial or radio connection on the roof of their condominium unit. Accordingly, the Plaintiffs did not violate House Rule #17, and there is no basis for the UGCHA's imposition of fines and penalties upon the Plaintiffs pursuant to this rule. The Court finds that the UGCHA improperly imposed fines and penalties on the Plaintiffs under the incorrect House Rule, and therefore, the UGCHA violated the authority granted to it under the HPR and the House Rules and the fines and charges imposed on the Plaintiffs pursuant to House Rule #17 are void.

B. Damages.

Under Guam law, "damages" is the amount of money that will compensate a person for an injury or "detriment" sustained to a legal right. 20 GCA §§2101–2 (2008). These two terms are distinct, as a party may suffer a detriment to a legal right, but may not suffer any appreciable

damages, and *vice versa*. In general, a party must suffer an actual and measurable loss before the party may recover damages, even if a legal right has been violated. Riofrio Anda v. Ralston Purina, Co., 959 F.2d 1149, 1152–3 (1st Cir. 1992).

This general rule has been codified in Guam, particularly pertaining to actions for breach of contract, as 20 GCA § 2202, which states, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." 20 GCA § 2202 (2008).

The Plaintiffs present two requests for damages. In SD0705-03 the Plaintiffs have requested an award of ten thousand dollars ($10,000.00) "in charges and mental anguish" for the UGCHA's breach of the HPR, which reserves a parking stall for the use of the homeowner or tenant of each unit at the University Gardens Condominiums. In SD0835-03 the Plaintiffs are requesting an award of two thousand dollars ($2,000.00) based on the UGCHA's removal and disconnection of an air conditioning unit. Of this total sum, the Plaintiffs claim that four hundred and fifty dollars ($450.00) was the projected cost of re-installation of the air conditioning unit, and one thousand five hundred and fifty dollars ($1,550.00) should be awarded for daily mental anguish.

In a breach of contract action, damages for mental suffering or emotional distress are generally not recoverable, Stafford v. Puro, 63 F.3d 1436, 1443 (7th Cir. 1995); Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 324 (8th Cir. 1993), unless they are specifically allowed in the contract, or the contract involves highly sensitive personal matters, and emotional distress is a specially foreseeable consequence of its breach. Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1359–60 (11th Cir. 2000).

All of the Plaintiffs' causes of action allege breaches of the HPR and the House Rules adopted under the HPR, the agreement of the homeowners' association for the University Gardens Condominiums. All of the causes of action alleged are breaches of the Plaintiffs' contractual rights under the provisions of these agreements, and no other types of claims are asserted by the Plaintiffs. Accordingly, all of the Plaintiffs' claims are actions for breach of contract.

Plaintiffs do not assert that the House Rules or the HPR involve highly sensitive personal matters, nor that severe emotional disturbance was an obvious or foreseeable result of a breach of either the House Rules or the HPR. Neither the House Rules nor the HPR set forth damages for emotional distress as a remedy for breach of any of the provisions. Therefore, damages for emotional distress or mental anguish are not available to the Plaintiffs in either cause of action in SD0705-03 or SD0835-03.

Consequently, only actual and calculated monetary damages may be recovered by the Plaintiffs under 20 GCA § 2202. As the Court has previously found that the Plaintiffs did not have the right to install an air conditioner on the roof of their condominium unit without prior written approval of the Board, pursuant to House Rule #54, no damages may be awarded in SD0835-03. However, even if the Court had found in the Plaintiffs' favor in that case, as to that issue, the Plaintiffs failed to prove any actual cost or monetary loss suffered as a result of the removal of the air conditioner. The Plaintiffs merely speculated as to future costs and possible fees which had not yet been charged to them, nor paid by them. Consequently, the Court could not find that any loss had been suffered by the Plaintiffs in SD0835-03.

Because the Plaintiffs requested damages only for emotional distress in SD0705-03, the Plaintiffs also failed to present admissible evidence as to any monetary damages actually incurred

as a result of the UGCHA's improper revocation of the use of a parking stall under 20 GCA § 2202, such as the cost of rental of a parking stall, or fines paid by the Plaintiffs for parking either on the street or inside the UGCHA lot. Accordingly, no compensatory damages may be awarded, despite the Court's finding that the UGCHA improperly revoked the Plaintiff's usage of the parking stall.

The Plaintiffs have failed their burden of proof as to actual damages incurred in SD0705-03, and thus, the Court may only award nominal damages to the Plaintiffs in recognition of the invasion of the Plaintiffs' rights, rather than a compensable award of injury suffered. In re Lower Lake Erie Iron Ore Antitrust Litigation, 998 F.2d 1144, 1184 (3rd Cir.1993), cert. dismissed, 510 U.S. 1021 (1993), and cert. dismissed, 510 U.S. 1032 (1993); see also Powell v. Ward, 643 F.2d 924, 934 (2d Cir. 1981); Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1490–1 (5th Cir. 1990); and Calhoun v. DeTella, 319 F.3d 936, 941–2 (7th Cir. 2003). Nominal damages are a minimal sum, Magnett v. Pelletier, 488 F.2d 33, 35 (1st Cir. 1973), and are usually awarded in the amount of one dollar ($1.00) as an acknowledgment of a wrong suffered. Romano v. U-Haul Intern., 233 F.3d 655, 671–2 (1st Cir. 2000).

After hearing arguments and considering all of the filings and evidence presented, the Court finds that the UGCHA properly removed the air conditioning unit installed by the Plaintiffs on the roof of their unit in SD0835-03, however, the UGCHA improperly cited and disciplined the Plaintiffs by revoking their parking privileges under the incorrect House Rule in SD0705-03. Based upon the foregoing, any fines or penalties imposed upon the Plaintiffs are hereby VOID, and all common area privileges shall be REINSTATED, and the Plaintiffs are AWARDED nominal damages of one dollar ($1.00) in SD705-03 for the Defendant's improper revocation of

the Plaintiffs' use of the parking stall assigned to the Plaintiffs. All findings of fact may be interpreted as conclusions of law and *vice versa*. The parties shall bear their own respective fees and costs.

**SO ADJUDGED**, this ___DEC 1 0 2009___.

**HONORABLE ARTHUR R. BARCINAS**
Referee, Small Claims Court of Guam

RECEIVED

DEC 0 0 2009

SUPREME COURT LIBRARY
SANTA BARBARA